# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

ROCKY L. COE,

        **Plaintiff,**

v.                                                     Case No. 07-C-269

MILWAUKEE COUNTY, AEGIS
CORPORATION, WILLIAM J. DOMINA,
and MICHAEL MAYO, SR.,

        **Defendants.**

---

# DECISION AND ORDER

---

This matter comes before the Court on the plaintiff's motion to remand. On February 19, 2007, the plaintiff, Rocky Coe ("Coe"), filed a complaint in Milwaukee County Circuit Court against Milwaukee County, Aegis Corporation, William Domina, and Michael Mayo, Sr.[1] (collectively the "Defendants"). The complaint alleges claims for breach of contract, tortious interference with contract, unjust enrichment, and racial discrimination. On March 21, 2007, the defendants filed a Notice of Removal.

In support of its motion to remand, Coe argues that the Notice of Removal is defective

---

[1] The defendants allege that Michael Mayo, Sr. ("Mayo") is not a defendant because the word "defendant" does not follow his name in the summons. The Court rejects this hypertechinical reading. Mayo is listed in the caption of the summons directly underneath the other three named defendants, and he is listed as a defendant specifically in the caption of the complaint. (Compl. ¶ 5.)

1

because one of the defendants, Mayo, did not consent to the removal. A notice of removal is defective if, on the face of the notice, it does not explain why one of the defendants did not consent to removal. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368 (7th Cir. 1993). In the case at bar, the Defendants' Notice of Removal implies that Mayo did not join in removing the case because he was not properly served. If Mayo was not properly served, then the Defendants' Notice of Removal is valid. *See id.* at 369.

Coe attempted to serve Mayo by leaving the summons and complaint with Lori Muller, a clerical assistant for Milwaukee County. Coe alleges that this attempt at service was proper because of Coe's odd theory that Mayo is a "body politic" rather than a "natural person." *See* Wis. Stat. §§ 801.11(1) & (4). Wisconsin allows for more relaxed methods of service on "body politics" as compared to those required for a "natural person," who must generally be served personally. *See id*. While Mayo is a Milwaukee County Board Supervisor, he cannot conceivably be a "body politic." A body politic is a "board or commission that operates independently." *See Hagen v. City of Milwaukee Employees' Retirement Sys. Annuity & Pension Bd.*, 262 Wis.2d 113, 121 n.3 (Wis. 2003). Mayo is an individual, not a "board or commission," and thus ought to have been served as a "natural person" pursuant to section 801.11(1). The Defendants' Notice of Removal is valid, and as such, Coe's motion to remand is denied.

There is one last point to be made. The parties filed two additional briefs, without permission of the Court, in violation of the Local Rules for the Eastern District of Wisconsin.

2

The Defendants filed a sur-reply brief on March 25, 2007, and Coe filed a reply to the Defendants' sur-reply on May 4, 2007. Those briefs are stricken and were not considered by the Court. In the future, the parties are to follow the briefing schedule and requirements as provided in the Local Rules, unless given permission by the Court to do otherwise.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Coe's Motion to Remand (Docket No. 5) is **DENIED**.

Coe shall have until **July 13, 2007**, to properly serve Mayo, and submit to the Court proof of such service. If proof of service is not filed by July 13, 2007, Mayo shall be dismissed from the case.

Dated at Milwaukee, Wisconsin this 6th day of July, 2007.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**